UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**

| | |
|---|---|
| **LOUISE MARIE WILLIAMS,** | **HON. MARCI BETH MCIVOR**<br>United States Bankruptcy Judge |
| Debtors(s). | CASE NUMBER: 13-14970<br>HONORABLE VICTORIA A. ROBERTS |

_____

**LOUISE MARIE WILLIAMS,**

      Plaintiff(s),

v.

**WAYNE COUNTY TREASURER,
CITY OF DETROIT WATER & SEWERAGE
DEPARTMENT, and CITY OF DETROIT
FINANCE DEPARTMENT,**

      Defendant(s).
_____/

## ORDER DISMISSING PLAINTIFF'S APPEAL

Louise Marie Williams appeals Bankruptcy Judge Marci Beth McIvor's conclusion of law that certain property taxes are entitled to priority status under 11 U.S.C. 507 (a)(8)(b).

Wayne County Treasurer and City of Detroit Water & Sewerage (collectively "Defendants") argue that Williams' appeal is premature; they ask the Court to dismiss Williams' interlocutory appeal. Alternatively, Defendants say that the Bankruptcy Judge did not err; if a tax is not a penalty, it is entitled to priority status.

Plaintiff contends that Defendants are estopped from challenging this Court's jurisdiction because they conceded below that "Plaintiff's appeal may have a material impact on

the feasibility of Plaintiff's proposed Chapter 13 Plan, regardless of how this Court rules on the issue of the value of Plaintiff's business premises . . . ." Plaintiff's Reply Brief, Doc. 13 at 1.

Defendants are correct.  Under 28 U.S.C. § 158 (a)(1), there is a right to appeal only a final judgment, order or decree.  An order is final if it disposes of the case. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").  All other orders are interlocutory appeals.  In order to appeal an interlocutory order, a party must first obtain permission from the appellate court.  28 U.S.C. § 158 (a)(3).  To request this permission, she must file a notice of appeal with a motion for leave to appeal explaining why an interlocutory appeal should be granted.  Fed. R. Bankr. P. 8001 (b), 8003(a).  Appealing either a final order or an interlocutory order requires that notice of appeal be filed within 14 days of the date of entry of the order being appealed.  Fed. R. Bankr. P. 8002(a).

This is an interlocutory appeal and bankruptcy rules require that Plaintiff requests consent from the Court to proceed on this appeal.  28 U.S.C. § 158 (a)(3).  No request was made for interlocutory review.

Even if Plaintiff had filed a motion requesting interlocutory review, it would be denied. "An interlocutory appeal of a Bankruptcy Court decision may be appropriate if (1) the decision involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, (3) and immediate appeal of the decision may materially advance the ultimate termination of the litigation." *Am. Specialty Cars Holding, LLC v. Official Comm. of Unsecured Creditors of ASC Inc.(In re ASC Inc.*), 386 B.R. 187, 191 ( E.D. Mich. 2008) (citing 28 U.S.C. § 1292(b))).

Neither prong is satisfied.  After filing a Chapter 13 Bankruptcy, Williams filed an

Adversary Complaint, alleging that unpaid taxes are not entitled to priority status and challenging the value of the property that secures her unpaid taxes.  No final order has been entered on that complaint, nor has the Bankruptcy Court ruled on the value of the property.

The value of the property is disputed by the parties: Defendants say the value exceeds the lien, Plaintiff argues that it does not.  Undisputedly, the tax lien is secured to the value of the property.  If the value of the property exceeds the lien, then the Bankruptcy Court's finding would have no impact on the outcome of the case.

Further, Defendants argue -- and the Bankruptcy Judge warned -- that Plaintiff's anticipated plan may not be confirmed because of her multiple filings and unsuccessful executions.

Finally, Plaintiff submits other law, that she concedes: (1) was not argued below, but (2) controls the outcome of this dispute.

Together, these reasons demonstrate that the issue disputed now is not controlling.

Accordingly, the Court **DISMISSES** Plaintiff's appeal.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 5, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 5, 2014.

S/Carol A. Pinegar
Deputy Clerk